McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Defendant,
Metropolitan Life Insurance Company
incorrectly pleaded as "MetLife"

By: _____
　　Randi F. Knepper, Esq.

| | |
|---|---|
| ROBYN ASHMEN, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | Civil Action No.: |
| vs. | |
| UNITED WATER, INC. and METLIFE, | |
| Defendants. | |

## CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Metropolitan Life Insurance Company ("MetLife") incorrectly pleaded as "MetLife" petitions this Honorable Court, pursuant to 28 U.S.C. § 1441, *et seq.*, removing to the United States District Court, District of New Jersey, a matter instituted in the Superior Court of the State of New Jersey, Law Division, Hudson County, bearing Docket No. HUD-L-1563-13.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk, Superior Court of New Jersey, Law Division, Hudson County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, MetLife reserves it right to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, MetLife relies upon the following:

1. On or around March 28, 2013, a Complaint and Jury Demand ("Complaint") and Civil Case Information Statement ("CIS") was filed on behalf of Robyn Ashmen ("Ashmen") in the Superior Court of New Jersey, Law Division, Hudson County, bearing Docket No. HUD-L-1563-13. Annexed hereto as Exhibit A is a copy of the Summons, Complaint and CIS which constitutes all process, pleadings and/or orders received by MetLife to date within the meaning and intent of 28 U.S.C. § 1446.

2. MetLife received the Summons and an incomplete copy of the Complaint on or around April 13, 2013, by facsimile. Thereafter, in-house counsel for MetLife called counsel for Ashmen and obtained a complete copy of the Summons, Complaint and CIS on April 26, 2013. MetLife first had knowledge of the institution of this suit and the basis for the removal of this action upon its first receipt of the documents annexed hereto as Exhibit A on April 13, 2013 and April 26, 2013. Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of MetLife's receipt of the Summons and Complaint.

3. Both defendants consent to the removal of this action to the United States District Court, District of New Jersey. A Consent and Joinder in Removal petition executed by James M. Terranova, Senior Corporate Attorney-Litigation, counsel for United Water is attached hereto as Exhibit B and demonstrates that United Water consents to and joins in this removal petition. United Water was served on April 6, 2013, and accordingly, this removal petition is being filed within 30 days of United Waters's receipt of the Summons and Complaint as well.

4. The gravamen of the Complaint concerns Ashmen's eligibility to convert group life insurance she was provided through her employment with United Water into a policy of individual life insurance. Paragraph 5 of the Complaint alleges, "During the course of her employment, plaintiff was provided benefits which included a group life insurance policy in an amount of $216,000." (Complaint, ¶ 5). The Complaint further alleges that "plaintiff called United Water, Inc. to convert the term policy to an individual policy" (Complaint, ¶ 9), and that United Water did not respond (Complaint, ¶ 10). Ashmen alleges that United Water and MetLife breached its "obligations to plaintiff by not converting said policy to an individual policy" (Complaint, ¶¶ 12 and 15), and seeks damages as a result of the alleged breaches.

5. Although not alleged in the Complaint, this action is governed by the Employee Retirement Income Security Act of 1974, as amended, § 29 U.S.C. 1001 *et seq.* ("ERISA") as Ashmen is seeking relief pursuant to the United Water life insurance plan (the "Plan"). The Plan was established and maintained by United Water and is an employee welfare benefit plan within the meaning and intent of ERISA. The Plan was

previously funded through the policy of group life insurance issued by MetLife. Ashmen is seeking relief pursuant to an ERISA plan.

6.  This Court has original jurisdiction because this matter relates to "a claim or right arising under the laws of the United States." 28 U.S.C. § 1441(b). ERISA vests the district courts of the United States with original jurisdiction over civil actions claiming entitled to ERISA-regulated plan benefits. 29 U.S.C. § 1132(e). Moreover, the United States Supreme Court has mandated that suits to recover benefits from ERISA-regulated plans, such as this one, fall directly under ERISA, which provides "an exclusive federal cause of action for resolution of such disputes." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987). The Court's rationale applies to causes of action plead solely as state law claims, even without reference to ERISA on the face of the complaint, because Congress "so completely pre-emp[ted this]… particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-64, 67. *See also*, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

7.  The instant Notice of Removal is filed within thirty (30) days of MetLife's receipt of a copy of the initial pleading setting forth the claim for relief against it upon which the instant action is based. The time for filing this notice of removal under 28 U.S.C. § 1446(b) has not expired.

8.  Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), United States District Courts are provided with subject matter jurisdiction over all actions for, *inter alia*, benefits provided under employee welfare benefit plans, including the plan made the subject of the action instituted by Ashmen. Removal is therefore appropriate

under and pursuant to 28 U.S.C. § 1441(a) and (b). Furthermore, pursuant to 29 U.S.C. § 1144, the terms and provisions of ERISA totally preempt all state causes of action, which are asserted in the complaint. *See*, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

9.  This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Moreover, this Court maintains supplemental jurisdiction over all other causes of action and proceedings pursuant to 28 U.S.C. § 1367.

Dated: May 3, 2013

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendant,
Metropolitan Life Insurance Company
incorrectly pleaded as "MetLife"

By: _____
Randi F. Knepper, Esq.

*2060102*

*Exhibit A*

MILLER, MEYERSON & CORBO
35 Journal Square, Suite 1105
Jersey City, NJ 07306
(201) 333-9000 Fax (201) 333-0918
Our File No. 33949

| | |
|---|---|
| ROBYN ASHMEN | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION- HUDSON COUNTY |
| Vs. | DOCKET NO.: HUD-L-1563-13 |
| UNITED WATER, INC. and METLIFE | Civil Action |
| | SUMMONS |

TO:   METLIFE
      501 U.S. 22
      Bridgewater, New Jersey

SIR/MADAM:

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee of payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer of motion to plaintiff's attorney whose names and address appears above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $125.00 for Chancery Division and completed Case Information Statement) if you want to the Court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.
    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Jennifer M. Perez/*
JENNIFER M. PEREZ
Clerk of the Superior Court

Dated: April 8, 2013

Name of Defendant Being served:   METLIFE

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ  08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Newark, NJ 07102
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl. Hall of Records
101 Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY
Deputy Clerk of the Superior Court
9 Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY
Deputy Clerk of the Superior Court
50 West Market Street Room 131
Hackensack, NJ 07601
LAWYER REFERRAL
(973) 692-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Fl.
583 Newark Avenue
Jersey City, New Jersey 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(609) 788-6112
LEGAL SERVICES
(609) 782-7979

MERCER COUNTY
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
**LAWYER REFERRAL**
(609) 858-6200
**LEGAL SERVICES**
(609) 695-6249

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
**LAWYER REFERRAL**
(732) 828-0053
**LEGAL SERVICES**
(732) 249-7600

MONMOUTH COUNTY
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
**LAWYER REFERRAL**
(732) 431-5544
**LEGAL SERVICES**
(732) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
**LAWYER REFERRAL**
(973) 267-5882
**LEGAL SERVICES**
(973) 285-6911

OCEAN COUNTY
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
**LAWYER REFERRAL**
(732) 240-3666
**LEGAL SERVICES**
(732) 341-2727

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

PASSAIC COUNTY
Deputy Clerk of the Superior Court
Civil Division
77 Hamilton Street
Paterson, NJ 07505
**LAWYER REFERRAL**
(973) 278-9223
**LEGAL SERVICES**
(973) 345-7171

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ    08079
**LAWYER REFERRAL**
856) 935-5628
**LEGAL SERVICES**
(856) 451-0003

SOMERSET COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ    08876

**LAWYER REFERRAL**
(908) 685-2323
**LEGAL SERVICES**
(908) 231-0840

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
**LAWYER REFERRAL**
(973) 267-5882
**LEGAL SERVICES**
(973) 383-7400

UNION COUNTY
Deputy Clerk of the Superior Court
1st Fl., Court House
Elizabeth, NJ 07207-6073
**LAWYER REFERRAL**
(908) 353-4715
**LEGAL SERVICES**
(908) 354-4340

**LAWYER REFERRAL**
(908) 267-5882
**LAWYER SERVICE**
(908) 475-2010

MILLER, MEYERSON & CORBO
955 West Side Avenue
Jersey City, NJ 07306
(201) 333-9000 Fax: (201) 333-0918
Our File No.: 33949
Attorneys for Plaintiff
Robyn Ashmen

**FILED**
CUSTOMER SERVICE TEAM

MAR 2 8 2013

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #6

| | |
|---|---|
| ROBYN ASHMEN | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY-LAW DIVISION |
| Plaintiff, | Docket No.: L 1563-13 |
| vs. | Civil Action |
| UNITED WATER INC., and<br>METLIFE<br>Defendants. | COMPLAINT AND JURY DEMAND |

Plaintiff, ROBYN ASHMEN, residing at 49 OVERHILL ROAD, EAST BRUNSWICK, NEW JERSEY 08816 complaining of Defendants, UNITED WATER, INC. and METLIFE says that:

1. On or about 1998, plaintiff commenced work as a planning coordinator at United Water, Inc.

2. Plaintiff worked continuously with United Water, Inc. from 1998 to October 2008, at which time she had achieved the position as senior manager in 2008.

3. In 2008, plaintiff became disabled and took a sick leave at United Water, Inc.

4. Plaintiff's disability continued and plaintiff remained on extended medical leave until April 11, 2011 when defendant, United Water, Inc. terminated her employment.

1

5. During the course of her employment, plaintiff was provided benefits which included a group life insurance policy in an amount of $216,000.00.

6. Said policy provided that upon termination of employment, it could be converted to an individual policy without a medical examination.

7. On August 14, 2012, defendant, MetLife sent to plaintiff a letter that indicated she should begin the conversions process by calling MetLife.

8. Plaintiff called defendant, MetLife upon receipt and was advised by a MetLife Representative to disregard the letter that was sent and defendant, United Water would contact her to initiate the conversion process.

9. Thereafter, in September/October 2012, plaintiff called United Water, Inc. to convert the term policy to an individual policy without a medical examination.

10. United Water did not respond and plaintiff was unable to convert the term policy to an individual policy without a medical examination.

11. Because of plaintiff's disability, she cannot obtain life insurance in the amount of $216,000.00 at the same premium rate she could have if the policy to convert the term policy to an individual policy without a medical examination.

12. Defendant United Water breached a duty owed to plaintiff by failing to so what was necessary to enable her to convert the term policy into an individual policy without a medical examination.

13. As a consequence of United Water's breach of duty plaintiff has been damaged.

**WHEREFORE**, plaintiff demands judgment for damages and costs of suit from defendant, United Water Inc.

### SECOND COUNT

14. Plaintiff repeats, realleges and makes a part hereof each and every allegation of the First Count of the Complaint.

15. Defendant, MetLife breached its contractual and other obligations to plaintiff by not converting said policy to an individual policy, plaintiff has been damaged.

**WHEREFORE**, plaintiff demands judgment for damages and costs of suit from defendant, MetLife.

### JURY DEMAND

Plaintiff demands a trial by jury on the issues of this Complaint.

MILLER, MEYERSON & CORBO

BY: _____
GERALD D. MILLER, ESQ.

Dated:   March 26, 2013

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐CK ☐CG ☐CA |
|---|---|
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Gerald D. Miller, Esq. | (201) 333-9000 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Miller, Meyerson & Corbo | L1563-13 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 35 Journal Square, Suite 1105 Jersey City, New Jersey 07306 | Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Robyn Ashmen | Robyn Ashmen vs. United Water, Inc. and MetLife |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 505 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ■ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 05-07-2012, CN 10517-English                                                                                                         page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 623 PROPECIA

### Mass Tort (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**  ☐ Putative Class Action  ☐ Title 59

*Exhibit B*

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Defendant,
Metropolitan Life Insurance Company
incorrectly pleaded as "MetLife"

By: _____
   Randi F. Knepper, Esq.

| | |
|---|---|
| ROBYN ASHMEN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED WATER, INC. and METLIFE, <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Civil Action No.: |

### CIVIL ACTION – CONSENT AND JOINDER IN REMOVAL

The undersigned attorney for United Water, Inc. hereby consents to and joins in the removal petition filed in this cause.

Dated: May 3, 2013

UNITED WATER, INC.

By: _____
   James M. Terranova, Esq.
   Senior Corporate Attorney-Litigation

*2060160*